IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:06-cr-00041-05-RRB |
| | ) | |
| Plaintiff, | ) | ORDER FOR THE PROGRESSION OF A |
| | ) | CRIMINAL CASE (With a Trial Date) |
| vs. | ) | |
| | ) | |
| KEVIN A. BROWNING | ) | Magistrate Judge ROBERTS |
| | ) | |
| Defendant(s). | ) | |

Upon arraignment of the defendant Kevin A. Browning, on this date and the entry of a plea of not guilty,

IT IS ORDERED:

1. If the defendant has not already done so, but intends to consent to proceed before the Magistrate Judge, the defendant shall execute and file the Consent to Proceed Before the Magistrate form on or before **N/A**. If the consent form is not timely filed by said date, this case will promptly be assigned to a U.S. District Judge for trial;

2. By **7/15/06**, counsel shall confer and accomplish the automatic discovery provided for in Rule 16, Fed. R. Cr. P., and shall adhere to the continuing duty to disclose such matters pursuant to Rule 16(c), Fed. R. Cr. P;

3. Pretrial motions shall be served and filed on or before **N/A**. Extensions of time for motion practice will not be granted except for good cause shown. Any motion for a continuance or an extension of deadlines shall set forth the reasons why the moving party believes that the additional time should be allowed by the court, **the precise date(s) sought for the new deadline, the current trial date, and whether the extension is contested by the opposing party. The moving party shall also justify** the additional time with specific references to the appropriate provision(s) of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.;

In order to minimize the need for motion practice;

(a) The United States shall disclose <u>Brady v. Maryland</u> 373 U.S. 83 (1963) and like material as soon as practicable.

(b)     Defense motions for Brady material, bills of particulars, or other discovery will be entertained only on the condition that counsel for the parties shall have first conferred as regards the materials sought by the defense. All such motions shall contain in the first paragraph a certification that counsel have conferred on the subject of the motion in an effort to reach agreement on contested matters, but have failed to reach agreement.

4.      If any pretrial motion is filed by either side, opposing briefs shall be filed **within five (5) working days** thereafter. Pursuant to D.Ak.L.Cr.R 47.1(c), no reply memoranda shall be filed with respect to any motion in this case unless specifically requested by the Magistrate Judge or District Judge;

5.      Trial in this case is set for **8:30 a.m.**, on **2/12/07**. A Final Pretrial Conference is set for **9:00 a.m.** on **2/2/07**. Both the Trial and Final Pretrial Conference are set before **Ralph R. Beistline**. Counsel are expected to have pretrial matters assigned to the United States Magistrate Judge resolved no later than 6 days before trial. Any unresolved pretrial matters shall be called to the trial judges' attention by the applicant no later than 7 days prior to trial. Except as hereinafter provided, or otherwise ordered, counsel shall comply with the requirements of D. Ak. LR 39.2, 47.1 and 51.1 in preparation for trial of this case. Briefs, proposed voir dire questions, and proposed jury instructions shall be served and filed with the court <u>at least</u> 7 calendar days prior to the trial date. Briefs shall not exceed 15 pages. Briefs shall focus upon the legal issues and authorities bearing upon these issues which the party anticipates will arise during the course of trial. Proposed jury instructions may, but are not required to, include common jury instructions employed by the court in all criminal cases. Counsel's proposed jury instructions must include substantive instructions appropriate to the charges made against each defendant and such other special instructions as counsel deem the circumstances of the particular case to require;

6.      Counsel are expected to calendar changes of plea and file a notice of intent to change plea at the earliest possible time prior to trial. The court expects all changes of plea to be effected **no later than the week preceding the trial date**.

7.      The defendant shall be present at all pretrial arguments or hearings unless excused

by the court, and if permission is sought to be absent, the defendant shall deliver to the Court in advance an affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.

       8.      Applications or vouchers pursuant to the Criminal Justice Act for authorization to hire third parties, to exceed the amounts set forth in the Criminal Justice Actor, or for the expenditure of Criminal Judge Act funds shall be **submitted on the appropriate CJA form available from the Clerk's Office** and supported by information necessary for the court to make a decision pursuant to the Criminal Just Act, particularly;

       a.      The name, address and telephone number of the person sought to be hired (if applicable);

       b.      A specific statement of the amount sought and the method for computing said amount;

       c.      A specific statement setting forth the factual and legal basis which support the request;

       DATED this **27** day of **June, 2006**.

BY THE COURT:

**S/JOHN D. ROBERTS**
United States Magistrate Judge