DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
MICHAEL T. BURKE
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
MA # 649320

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-0041-03-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | |
| | ) | |
| KEVIN A. BROWNING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.    **Introduction**

A.    Unless the parties subsequently inform the district court in writing of

any additional agreements, this document contains the complete plea agreement

between the defendant and the United States. The defendant understands this

agreement is limited to the District of Alaska; it does not bind other federal, state,

or local prosecuting authorities.

B.     Unless the parties otherwise inform the district court in writing, the

parties expressly agree that Federal Rule of Criminal Procedure 11(c)(1) (A) will

control his plea agreement. This means that the defendant may not withdraw from

this agreement or the guilty plea(s) unless the district court denies the

government's post-imposition of sentence motion to dismiss the remaining

charges in the Indictment as they relate to the defendant, or the United States

Attorney in the District of Alaska prosecutes additional charges arising from the

investigation that resulted in the charges filed against the defendant. This also

means that the defendant may not withdraw from this agreement or the guilty

plea(s) if the district court does not follow the parties's sentencing

recommendations.

C.     Because this is a negotiated resolution of the case, the parties waive

any claim for the award of attorney's fees and costs from the other party.

## II.    What the defendant agrees to do

A.     I, Kevin A. Browning, the defendant, being of sound mind and under

no compulsion or threats, or promises not otherwise contained in this document,

do hereby state my agreement to and understanding of this plea agreement.

I agree the following obligations are material to this agreement. I agree that any violation of or failure to fulfill these obligations will be a material breach of this agreement.

If I breach this agreement, I understand the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, I understand at an appropriate hearing during which any of my disclosures will be admissible, the district court will determine whether I have violated the terms of this agreement; the government's burden will be by a preponderance of the evidence.

### B.    Satisfaction with counsel

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the district court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable

to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

## C.    Charge(s) to which the defendant is pleading guilty

I agree to enter a plea of guilty to Count 1 of the Indictment, which charges me with conspiracy to import marijuana, in violation of 21 U.S.C. § 963.  The elements of this offense of conspiracy to distribute marijuana, as charged in Count 1, are as follows:

1.    There was an agreement between two or more people to import marijuana into the United States;

2.    the defendant joined the conspiracy knowing of its object and intending to help accomplish it; and

I also agree to enter a plea of guilty to Count 119 of the Indictment, which charges me with money laundering, in violation of 18 U.S.C. § 1956.  The elements of this offense are as follows:

1.    The defendant knowingly conducted or attempted to conduct or aided and abetted the conducting of a financial transaction affecting interstate commerce;

2.    the financial transaction involved the proceeds of a specified unlawful activity;

3.    the defendant knew that the funds represented the proceeds of some form of unlawful activity;

4.    The defendant knew that the transaction was designed in whole or in part either to:

a)  promote the carrying on of the specified unlawful activity, or

b)  conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, or

b)  avoid a financial reporting requirement under state or federal law.

It does not matter whether the defendant knew that the unlawful activity was in fact drug trafficking as charged in the indictment. It is sufficient that I knew that it was some kind of unlawful activity.

## D.    Forfeiture

I agree to the forfeiture of the following property:

1.    2004 Yamaha 4 Wheeler ATV, Raptor;

2.    2005 Trailking flatbed trailer VIN 1TKU016285M010123, AK TAG #4191SK ;

3.    Honda CR125 motorcycle VIN JH2JEO1363M503762 ;

4.    2000 Ford F-350 Super Duty Truck, VIN 1FTWX33F2YEC74029, AK TAG # ENF-430 ;

5.    Marijuana Grow Equipment; Tanks, Lights Water pumps, ballasts, timers etc. seized from underground grow operation at Point MacKenzie Farm;

6.   2005 Bombardier Skido Summit Adrenalin Snowmachine, VIN
     2BPSCK5A75V000305, AK License # SD2509 ;

7.   2002 Black Haulmark enclosed car trailer, VIN
     4XSGB28232G037941, AK TAG # 8686RP ;

8.   2001 C&C fifth wheel gooseneck flatbed trailer, VIN
     5BYEG24201E000551, AK TAG # 1769SH ;

9.   1993 blue Ford Mustang LX Sport, VIN
     1FACP41E4PF165721, AK TAG # 859HEW;

In addition, I agree not to contest the administrative forfeiture of my interest in

other property seized by the Drug Enforcement Administration. I agree that if any

firearms or illegal contraband were seized by any law enforcement agency from

my possession, or that were in my direct or indirect control, then I consent to the

administrative forfeiture, official use and/or destruction of said firearms or

contraband by any law enforcement agency involved in the seizure of these items.

### E.    Factual Basis for Plea

I admit that the allegations against me in Counts 1 and 119 of the Indictment

are true and stipulate the following minimum factual basis for my plea(s) is true

and supports my guilty plea(s) in this case:

Sometime between May, 2000, and April 22, 2006, I, Kevin A. Browning,

the defendant, became a member of an agreement with Thomas P. Ranes and other

individuals, both named and unnamed in the indictment, to facilitate the

distribution and importation of Canadian marijuana. I joined this agreement knowing that this group would be importing marijuana from Canada for the purpose of distributing it in Alaska, and I knew that this group imported 1000 kilograms or more in numerous shipments during the course of the conspiracy. During the course of my involvement in the conspiracy, this group imported over 400 kilograms of marijuana. I joined this group with the intent of assisting Ranes and others import the marijuana into Alaska from Canada. In or about mid to late April, I picked up a shipment of approximately 347 pounds of marijuana from Canada and drove it to Alaska in furtherance of the objectives of the conspiracy.

In addition, on or about July 1, 2005, I conducted financial transactions on behalf of Ranes. I brought approximately $45,000 in cash into Northrim Bank and purchased purchased a cashier's check made out to Ranes and Shine for that amount, under the pretext that it was payment for a business debt.    I knew this money constituted proceeds of marijuana trafficking activity. This financial transaction was conducted in order to conceal and disguise the nature, location, source, ownership and control of drug trafficking proceeds by making it appear that it was a legitimate Ranes & Shine business transaction.

## III.    Penalties and Consequences of Plea

## A.    Statutory Maximum Penalties

I understand the statutory maximum sentence for Count 1, which charges

me with conspiracy to import controlled substances, in violation of 21 U.S.C.

§ 846, include the following for the facts upon which my plea will be entered: 1)

40 years in prison, with a mandatory minimum sentence of 5 years imprisonment;

2) a $2 million fine, 3) a $100 mandatory special assessment, and 4) a mandatory

minimum four-year term of supervised release. I understand the statutory

maximum sentence for Count 119, which charges me with money laundering, in

violation of 18 U.S.C. § 1956, include the following for the facts upon which my

plea will be entered: 1) 20 years imprisonment;2) a $500,000 fine (or twice the

value of the property involved in the crime, whichever is greater; 3) a $100

mandatory special assessment, and 4) up to a five-year term of supervised release.

I understand the following may also apply and affect my sentence: 1) pursuant to

Comment 7 of U.S.S.G. § 5E1.2, the district court may impose an additional fine

to pay the costs to the government of any imprisonment and supervised release

term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the district

court imposes a fine of more than $2,500, interest will be charged on the balance

not paid within 15 days after the judgment date; 3) upon violating any condition of

supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the district court may order that I pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

I agree I will owe the entire special assessment, fine, costs or restitution ordered in this case on the day the district court imposes sentence. I understand that all payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## B.    Additional Consequences of Plea

I understand that in addition to any term of imprisonment and/or fine that is imposed, the Court may order me to pay restitution to any victim of the offense, as required by law. I further understand that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

I understand that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare, as well as the right to own or possess any firearms, the right to vote,

the right to hold public office, and the right to sit on a jury. I understand that if I am not a citizen of the United States, conviction of a federal felony may result in deportation.

## C.    Calculation of Sentence

I understand and acknowledge that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, I understand and acknowledge that:

1.     The Court will determine my applicable Sentencing Guidelines range at the time of sentencing. Guidelines calculations will be set forth in the pre-sentence report prepared by the United States Probation Office. I understand that all adjustments to my offense level will be set forth in the pre-sentence report prepared by the U.S. Probation Office, and that unless admitted to herein, both parties will have the opportunity to argue their positions with respect to the base offense level as well as to any upward or downward adjustments that may affect my guideline offense level.

My criminal history category will also be determined by the United States Probation Office. I understand that I may argue about whether prior criminal conduct, if any, should count in the determination of what criminal history category I will be placed. However, I will not argue that my criminal history category is over-represented so as to entitle me to a "downward departure" in my criminal history category.

I understand and agree the district court will apply the preponderance of evidence standard of proof when resolving any factual disputes regarding my guideline sentence calculation. I understand that the discussions between my attorney and me concerning my sentence exposure or the possible sentence the

district court might impose are only estimates and do not bind the district court. The government's rough estimate of my advisory guideline range is set forth below. I understand that such estimate binds neither the parties nor the Court, and that the United States Probation Office will calculate its own guideline range, which the parties are free to argue about, except to the extent stipulated herein.

*SUMMARY:*

*NON BINDING ESTIMATED BASE OFFENSE LEVEL* ..... *28*

*MONEY LAUNDERING ENHANCEMENT (2S1.1(b)(2)(B))* .. *+2*

*SAFETY VALVE (2D1.1(c)(7)* ........................... *-2*

*ACCEPTANCE OF RESPONSIBILITY* ................... *-3*

*NON BINDING ESTIMATED TOTAL* ..................... *25*

*NON BINDING ESTIMATED CRIMINAL HISTORY* ........ *I*

*NON BINDING ESTIMATED*
*SENTENCING RANGE* ...................... *57 - 71 months*

*SUPERVISED RELEASE RANGE* .......... *min. 4 years - Life*

*FINE RANGE* .......................... *$17,500 - $175,000*

2.    After consideration of the Sentencing Guidelines and the other

factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

3. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

4. I may not withdraw a guilty plea solely because of the sentence imposed by the Court.

**D.     Ultimate Sentence**. I acknowledge that no one has promised or guaranteed what sentence the Court will impose.

**E.     Post-Plea Conduct.**   I understand that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, I engage in illegal conduct (examples of which include, but are not limited to:  obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration.  Such a sentence could include a

sentencing enhancement under the United States Sentencing Guidelines or

an upward departure from the applicable sentencing guidelines range.

## IV.    Rights Waived by Pleading Guilty

I understand that, by pleading guilty, I knowingly and voluntarily waive the

following rights:

### A.    Trial Rights

1.    The right to plead not guilty, and to persist in a plea of not

guilty;

2.    The right to a speedy and public trial before a jury of my peers;

3.    The right to the effective assistance of counsel at trial,

including, if I could not afford an attorney, the right to have the

Court appoint one for me;

4.    The right to be presumed innocent until guilt has been

established at trial beyond a reasonable doubt;

5.    The right to confront and cross-examine witnesses against me

at trial;

6.    The right to compel or subpoena witnesses to appear on my

behalf at trial;

       7.     The right to testify or to remain silent at trial, at which trial such silence could not be used against me; and

       8.     The right to contest the validity of any searches conducted on my property or person; and

## B.    Appeal and Post-Conviction Rights

By pleading guilty pursuant to this agreement, I understand and agree I am waiving all of these applicable rights including my right to appeal my conviction(s). I further agree that if the district court imposes a sentence that does not exceed the statutory maximum sentence – as set forth above in this agreement, I am waiving without exception my right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the district court imposes upon me – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution– the district court imposes. The only exceptions to this collateral attack waiver are as follows: 1)

any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if the my guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.

## V.    What the United States agrees to do

A.    **Other Counts.** In exchange for the defendant's plea(s) of guilty to Counts 1 and 119, the United States agrees to dismiss the remaining counts of the Indictment, as they relate to the defendant. The United States agrees that it will not prosecute the defendant further for any offense -- now known -- arising out of the subject of the investigation related to the charging instrument in this case and the defendant's admissions in support of the guilty plea(s). Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set

aside, or if the defendant's sentence is vacated, reversed, set aside, or modified, at

any time, in any proceeding, for any reason, the United States will be free to

prosecute the defendant on all charges arising out of the investigation of this case

for which there is probable cause, including any charges dismissed pursuant to the

terms of this agreement, which charges will be automatically reinstated as well as

for perjury and false statements.

B.     **Acceptance of Responsibility**.  If the defendant is completely candid

and truthful with both the district court and the United States Probation Office in

admitting the underlying criminal conduct and the defendant meets the criteria set

out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for

a two level downward adjustment for acceptance of responsibility and, if U.S.S.G.

§ 3E1.1(b) applies, to move for the additional one level adjustment for acceptance

of responsibility.  If, at any time prior to imposition of sentence, the defendant

fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner

inconsistent with acceptance of responsibility, the United States will not make or,

if already made, will withdraw this recommendation and motion.

C.     **Safety Valve**.  Based upon the evidence known to the United States

at the time of this plea agreement, the United States agrees that defendant qualifies

for the safety valve provision of 18 U.S.C. § 3553(f)(1)-(5). Defendant understands that the United States' determination may change if additional evidence becomes known prior to sentencing concerning Defendant's criminal history. Defendant further understands that the Court will ultimately decide whether the defendant qualifies for the safety valve provisions of 18 U.S.C. § 2553(f)(1)-(5).

## VI.    Adequacy of the agreement

Pursuant to Local Criminal Rule 11.2 (D)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the District of Alaska. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

## VII. The defendant's acceptance of the terms of this plea agreement

By my signature below, I, Kevin A. Browning, affirm this document

contains all of the agreements made between me– with the assistance of my attorney–  and the United States regarding my plea(s).  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements,  I and the United States will jointly inform the district court in writing before I enter my guilty plea(s).

I understand that I have a right to plead not guilty and proceed to trial, and that no one can force me to plead guilty.  I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the district court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea. If there were, I would so inform the district court.

I understand the district court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement.  I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this

agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the district court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Counts 1 and 119.

DATED: 8-22-06

_____

KEVIN A. BROWNING

Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 8/22/06

_____

REX L. BUTLER

Attorney for Kevin A. Browning

Kevin A. Browning Plea Agreement
3:06-cr-00041-05-RRB                    20

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: _____

FRANK V. RUSSO
Assistant U.S. Attorney

DATED: _____

DEBORAH M. SMITH
Acting United States Attorney