NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   vs.<br><br>KEVIN A. BROWNING,<br><br>               Defendant. | Case No. 3:06-cr-00041-05-RRB<br><br><u>UNITED STATES' SENTENCING MEMORANDUM</u> |

## SUMMARY OF SENTENCING RECOMMENDATIONS

**TERM OF IMPRISONMENT**. . . . . . . . . . . . . . . . . . . . . . **57 MONTHS**

**SUPERVISED RELEASE**. . . . . . . . . . . . . . . . . . . . . . . . . **4 YEARS**

**SPECIAL ASSESSMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . **$200.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The United States agrees with the factual findings of the USPO. The USPO appears to have made one error with respect to base offense level.

1.   BACKGROUND

The defendant was part of an international drug and money laundering conspiracy that is set forth in detail in the PSR. The First Superseding Indictment, to which the defendant pled guilty, names him as a driver of vehicles used to transport marijuana and money to and from Canada. Moreover, he was named in seven counts of money laundering. Essentially, the defendant was a friend and business associate of Ranes who joined the conspiracy shortly after the murder of Thomas Cody. In his capacity as co-conspirator, the defendant drove marijuana across the border on two occasions, and delivered money to Canada on another occasion. He also helped unload marijuana on February 2, 2008, when Curtis McDonald brought a load of marijuana over the border into Alaska.

II.   THE PLEA AGREEMENT

The defendant pled guilty to counts 1 (conspiracy to import marijuana) and 119 (money laundering) of the First Superseding Indictment. As far as relevant

conduct, the defendant admitted that "during the course of my involvement in the conspiracy, this group imported over 400 kilograms of marijuana."

Plea Agreement, p. 7. Indeed, as Attachment A to the PSR indicates, there were six border crossings that occurred during the defendant's participation in the conspiracy. According to information collected pursuant to the investigation, below is the list of marijuana imported during the defendant's participation in the conspiracy, along with money transported:

| Driver | Date | Amount of Marijuana and Source |
|---|---|---|
| Curtis McDonald | 11/2/2005 | 206 pounds (Defendant information & Email Account) |
| Kevin Browning | 12/11/2005 | Delivery of money (Defendant Information) |
| Kevin Browning | 12/23/2005 | 200 pounds (Defendant Information) |
| Curtis McDonald | 2/1/2006 | 375 pounds (Defendant Information) |
| Curtis McDonald | 3/15/2006 | Delivery of money (Defendant Information) |
| Kevin Browning | 4/21/2006 | 307 pounds (Seized) |

Accordingly, there was approximately 1,088 pounds of marijuana imported during the defendant's participation. This equates to approximately 494 kilograms of marijuana (1563 / 2.2). The pre-sentence report ignores the defendant's stipulation, as well as the amounts of marijuana that were reasonably foreseeable to him. Therefore, the estimate in the plea agreement (between 400 and 700 kilograms of marijuana) appears to be the correct amount of marijuana attributable to the defendant for relevant conduct purposes.

### III.   GUIDELINE APPLICATIONS

In line with the estimate of the plea agreement, the defendant's base offense level should be 28 – rather than 26.  All other adjustments applied by the USPO are correct, and therefore the defendant's adjusted offense level is 25 – rather than 23.  The defendant is properly placed in criminal history category I, and therefore his advisory sentencing guideline range should be 57 to 71 months.

### IV.   APPLICATION OF 18 U.S.C. § 3553(a)

Application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence at the low end of the guideline range.  While this is the defendant's first brush with the law, it is hard to imagine a more serious criminal endeavor to become involved with: an international drug and money laundering conspiracy that involved a murder.[1]  On the other hand, as the PSR sets forth, the defendant was involved in a serious snow machine accident that appears to have somewhat changed his personality.  This is corroborated by the letters submitted to the court; in addition, several sources told investigators the same thing – even before the defendant was arrested.  In this regard, the defendant's involvement in this conspiracy seems somewhat aberrant.

---

[1] Upon information and belief, this murder pre-dated the defendant's involvement in the conspiracy, and he had no knowledge of it.

Regardless, the defendant was a driver and money launderer in a multi-million dollar conspiracy, and a serious sentence is warranted. Accordingly, the government requests a sentence of 57 months, followed by four years supervised release. $200 in special assessments are mandatory.

RESPECTFULLY SUBMITTED the 22nd day of May, 2008 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on May 22, 2008, via:

(X) Electronic case filing notice

Rex L. Butler, Esq.

Executed at Anchorage, Alaska, May 22, 2008

s/ Frank V. Russo
Office of the U.S. Attorney